CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
6/18/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

NICOLE LYNN HARRIS,

    Plaintiff,

    v.       CIVIL ACTION NO. 5:19-cv-00047

FIRST ADVANTAGE
BACKGROUND SERVICES CORP.,
SERVE:
Corporation Services Company
Registered Agent
First Advantage Background Services Corp.
100 Shockoe Slip Fl 2
Richmond, Virginia 23219

    Defendant.

## COMPLAINT

### Preliminary Statement

1. This is an action for damages brought by an individual consumer, Nicole Lynn Harris, against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### Parties

4. Plaintiff Nicole Lynn Harris is an adult individual, who resides in Staunton, VA.

5. Defendant First Advantage Background Services Corp., ("First Advantage") is a consumer reporting agency that regularly conducts business in the Western District of Virginia and which has a principal place of business located at 1 Concourse Parkway NE, Suite 200 Atlanta, GA.

## Factual Allegations

6. On or around June 2017, Plaintiff applied for employment at Best Buy Co., Inc. ("Best Buy").

7. Plaintiff interviewed for the position and was provisionally hired by Best Buy, contingent upon a background check.

8. Best Buy requested from the Defendant, and the Defendant sold to Best Buy, a consumer report concerning the Plaintiff, on or around June 2017.

9. The consumer report furnished by Defendant was for employment purposes.

10. This consumer report contained at least one item of information which was a matter of public record and the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with Best Buy.

11. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

12. The inaccurate information includes, but is not limited to, a record of a felony criminal conviction. Plaintiff is not a convicted felon.

13. The inaccurate information grossly disparages the Plaintiff and portrays her as a convicted felon. There is perhaps no greater error that a consumer reporting agency can make.

14. The derogatory inaccuracy appears to be caused by a misreading of public records. Any rudimentary inspection of the data would reveal the inaccuracy. Defendant obviously failed to employ such a procedure.

15. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Had Defendant followed such procedures it would have never falsely reported the felony conviction on Plaintiff's consumer report.

16. Additionally, First Advantage does not maintain strict procedures designed to ensure that such information is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2). If First Advantage had maintained such procedures it would not have falsely reported a felony criminal conviction when in fact, Plaintiff has no such conviction.

17. Plaintiff was subsequently denied employment by Best Buy, Co. and Plaintiff was informed by Best Buy, Co. that the decision to rescind her employment offer was the inaccurate criminal information that appears on Plaintiff's First Advantage consumer report and that the inaccurate information was a substantial factor her termination.

18. Here, Best Buy, Co. used the First Advantage report in its determination about Plaintiff's eligibility for employment and on or around June 21, 2017, Best Buy, Co. deemed that the Plaintiff was ineligible for employment due to the inaccurate information contained in the report.

19. Plaintiff has disputed the inaccurate information with First Advantage by written communications to its representatives and by following First Advantage's established procedures for disputing consumer credit information at least from June 2017 through the present.

20.     Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and potential employers. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least June 2017 through the present.

21.     Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any relevant documents from the entities furnishing the inaccurate information.

22.     Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

23.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

24.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

4

25. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### **Count One – Violations of the FCRA**
**(Plaintiff v. First Advantage)**

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

31. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### **Jury Trial Demand**

32. Plaintiff demands trial by jury on all issues so triable.

## Prayer For Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Under Count One Plaintiff demands:

    a.    Her actual damages for lost wages and emotional distress in the amount of $50,000.00;

    b.    Punitive damages for First Advantage's violation of Plaintiff's rights under the FCRA in amount of $600,000.00;

    c.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    d.    Such other and further relief as may be necessary, just and proper

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

**NICOLE LYNN HARRIS**

/s/ John Cole Gayle, Jr.
John Cole Gayle, Jr., Esquire
VSB No. 18833
The Consumer Law Group, P.C.
1508 Willow Lawn Drive, Suite 220
Richmond, Virginia 23230
Telephone: 804 282-7900
Facsimile: 804 673-0316

Geoffrey H. Baskerville, Esquire
(*pro hac vice* motion forthcoming)
Francis & Mailman, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
**Attorneys for Plaintiff**